UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD CECIL HOWELL,

        Plaintiff,

    v.

SANTANDER CONSUMER USA INC., et al.,

        Defendants.

Case No.  24-cv-05588-JD

**ORDER RE ARBITRATION AND STAY**

This case has traveled a tortuous path.  Pro se plaintiff Richard Cecil Howell, who describes himself as a "Sui juris, Jus imperii, Living-Spirit flesh and blood Man of Mu'ur-Pawmunkey lineage," has a second amended complaint (SAC) on file against defendants Santander Consumer USA Inc. and several individuals.  Dkt. No. 26.  The case was originally assigned to a magistrate judge, after which Howell filed a declination to magistrate judge jurisdiction.  Dkt. No. 5.  It was then assigned to a district judge, re-assigned to a magistrate judge, re-re-assigned to a district judge, and then sent back to the magistrate judge previously assigned. *See* Dkt. Nos. 7, 11, 12.[1]  The magistrate judge entered several orders relating to service of summons, granting Howell in forma pauperis (IFP) status, screening the adequacy of the claims in connection with IFP review, and denying Howell's motion for summary judgment. *See* Dkt. Nos. 13, 14, 17, 25, 28, 30, 38.  The magistrate judge permitted the SAC to go forward.  Dkt. No. 28.  The case was re-assigned to this Court in January 2026.  Dkt. Nos. 49, 50.

Because Howell declined consent, magistrate judge jurisdiction was not established under 28 U.S.C. § 636(c).  Consequently, to the extent the magistrate judge filed dispositive orders, they are properly deemed to be reports and recommendations to the Court. *See In re DMCA Subpoena*

---

[1]  The last assignment to the magistrate judge was filed on October 25, 2024, without an ECF docket number.

United States District Court
Northern District of California

*to Reddit, Inc.*, 441 F. Supp. 3d 875, 881-82 (N.D. Cal. 2020).  The Court has independently reviewed all of the orders, and concludes they were properly determined and will remain in place.

Turning to Howell's claims, the SAC runs to 45 pages with exhibits, and is a rambling array of allegations interspersed with "maxims" and legal citations.  Reading the SAC with the generosity afforded to pro se litigants, *see Daniels v. Meta Platforms Inc.*, No. 25-CV-05137-JD, 2025 WL 2960149, at *1 (N.D. Cal. Oct. 17, 2025), Howell disputes his obligation to make payments to Santander under a contract to finance the purchase of a car.  *See* Dkt. No. 26 at 2.  The finance agreement, which is attached as an exhibit to Santander's motion for arbitration, indicates that Howell signed the contract in May 2022 to buy a used Volkswagen Jetta.  Dkt. No. 46-1.[2]  Howell says that Santander "violated California's consumer protection laws by placing **'borrowers'** with subprime credit into auto loans it knew carried an acceptably high probability of default."  Dkt. No. 26 at 2 (emphasis in original).  This theory appears to come from a settlement in 2020 between the State of California and Santander with respect to its consumer finance practices.  *See id.* ¶ 16.  The SAC indicates that Howell believes he has been relieved of payments for the reasons underlying the settlement.  The SAC alleges that Santander has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by refusing "to provide verification/validation of the debt," *id.* ¶ 18, and several state and federal consumer protection laws.  Howell asks for $1.5 million in damages and other relief.  *Id.* at Prayer ¶ B.

Another complication in the SAC is that the plaintiff is identified as "the Richard Cecil Howell, Estate Trust," and not Howell individually.  *Id*. ¶ 13.  The nature of the ostensible trust is entirely unclear in the SAC.  In light of Howell's pro se status, the Court construes the trust to mean Howell as an individual.

After a long detour through service problems that are not relevant here, Santander waived service of the summons in late 2025 and promptly filed a request to compel arbitration of Howell's claims in January 2026.  *See* Dkt. No. 41 (waiver); Dkt. No. 46 (arbitration motion).

---

[2]  The Court takes judicial notice of the agreement and arbitration clause.  Fed. R. Evid. 201; *Keller v. Chegg, Inc.*, Case No. 22-cv-06986, 2023 WL 5279649, at *2 n.2 (N.D. Cal. Aug. 15, 2023).

Santander did not challenge the plausibility of the SAC under Federal Rule of Civil Procedure 12(b)(6), even though the magistrate judge left that possibility open in a second IFP screening order.  Dkt. No. 28.

The grounds for arbitration are straightforward.  Howell disputes his obligation to make payments under the finance agreement, and the contract assigns all such disputes to arbitration.  As the arbitration clause states:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Dkt. No. 46-1 at ECF p. 8.

The clause provides that the arbitration will be held in the federal district where Howell resides or where the contract was executed, both of which are in this District.  *Id*.  Howell will not be required to travel far for the arbitration.  The clause also states that Santander will pay for arbitration fees of up to $5,000, and more if legally required to.  *Id*.  Howell will pay fees only if they exceed $5,000 without responsibility on Santander's part, or if the arbitrator orders reimbursement in whole or part if the claim is determined to be frivolous.  *Id*.

The existence and terms of the arbitration clause were highlighted in the finance agreement.  The agreement is captioned at the very top with "Retail Installment Sale Contract -- Simple Finance Charge (With Arbitration Provision)" in bolded and capitalized letters.  *Id.* at ECF p. 4.  The arbitration clause is presented on a separate page with the caption "Arbitration Provision," again in bold and all caps, followed by three bullet points also in bold and capitalized letters that summarize, in plain language, the bilateral obligation to arbitrate disputes.  *Id.* at ECF p. 8.  Howell signed the page with the arbitration clause, and initialed the agreement pages individually.  *Id. passim*.

The clause is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (FAA).  *Id*. at ECF p. 8.  Under Section 4 of the FAA, the Court's role "is limited to determining whether a valid

3

arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). If the party seeking to compel arbitration establishes both factors, the Court "must order the parties to proceed to arbitration only in accordance with the terms of their agreement." *Id*. "Any doubts about the scope of arbitrable issues should be decided in favor of arbitration." *Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1239 (N.D. Cal. 2019) (citation omitted); *see also Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (same).

Santander says that both conditions are amply satisfied. This is for good reason. The claims in the SAC fall squarely within the scope of the arbitration clause in that Howell disputes his obligation to make payments to Santander under the finance agreement.

There is no evidence that the clause is in any way invalid or unenforceable. Strictly speaking, Howell did not file an opposition to the arbitration motion. Rather, a document captioned "Judicial Notice" was ostensibly filed by an individual identified as "Asim Najee-Asmar: family of [Howell] Bey," who says he is the son and "Counsellor-at-Law" for plaintiff Howell, "a corporate vessel of the 'Social Security Cestui que Trust.'" Dkt. No. 55.[3] The document is a largely incomprehensible miscellany of "maxims," random case quotes, and commentary that is of no relevance to the question of arbitration. To give some flavor of this, the document features an "honest service questionnaire for Judge James Joseph Donta [sic]," which asks whether the Court will "disobey" the United States Constitution, among other inquiries, and offers dictates for how the Court should conduct judicial business. *Id*. at 7-16. It lists the Court's California State Bar number and says that the Court "rescinded his nationality to become a foreign agent in order to hold public office." *Id.* at 11. It states that it was sent "in the peace and love of Jesus Christ, that you may repent and do good works worthy of the same." *Id*. at 13.

None of this addresses arbitration pursuant to the contract Howell signed, or anything else material here. There are a few scattered references to "no meeting of the minds," *id*. at 15, and "fraud in the execution," *id*. at 2, but these comments are nothing more than asides made without

---

[3] The signature page features Howell's name, and so it is not clear who actually wrote the document.

United States District Court
Northern District of California

any meaningful development with evidence or arguments. The Court's independent view of the record before it did not uncover a reason for concern along these lines.

Consequently, the SAC is sent to arbitration pursuant to the arbitration clause. The case is stayed pending further order. *See* 9 U.S.C. § 3. The parties will file a joint status report every 90 days beginning on August 3, 2026.

**IT IS SO ORDERED.**

Dated: February 24, 2026

_____

JAMES DONATO
United States District Judge